**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **MICHAEL M. NGRIME,** | ) | **CASE NO. 8:07CV387** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **DOUGLAS COUNTY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on Defendant's Renewed Motion to Dismiss (Filing No. 12) and Plaintiff's Motion that Defendant's Motion to Dismiss Be Denied (Filing No. 14).

Plaintiff filed his Complaint in this matter on September 26, 2007, against one Defendant, the Douglas County Board of Commissioners (the "Commissioners"). (Filing No. 1.) In response to the Commissioners' Motion to Dismiss (Filing No. 7), Plaintiff was granted leave to file an amended complaint in order to name the proper Defendant. (Filing No. 10.) On April 25, 2008, Defendant filed his Amended Complaint which asserts claims against one Defendant, Douglas County. (Filing No. 11.) Douglas County filed a Renewed Motion to Dismiss stating that it was not properly served with summons and a copy of the Amended Complaint in accordance with Federal Rule of Civil Procedure 4. (Filing No. 12.)

In response to Douglas County's Motion, Plaintiff filed his Motion that Defendant's Motion to Dismiss Be Denied. (Filing No. 14.) In his Motion, Plaintiff argues that the time in which to serve Defendant had not yet passed. (*Id.*) Plaintiff also stated that a copy of the Summons and Amended Complaint was "being sent" to the "Chief Administrative Officer, Douglas County" prior to the June 2, 2008 deadline. (*Id.*)

Federal Rule of Civil Procedure 4(j) requires that service on "a municipal corporation, or any other state-created governmental organization . . . must be served by:

(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Moreover, the State of Nebraska requires that a county "be served by personal, residence, or certified mail service upon the chief executive officer, or clerk." Neb. Rev. Stat. § 25-510.02 (2007). Therefore, in order to serve Douglas County in this matter, Plaintiff was required to serve summons and a copy of the Amended Complaint on either the chief executive officer or the clerk of Douglas County.

The summons form requested by Plaintiff after the filing of the Amended Complaint was addressed to "Douglas County" at "1819 Farnam, Omaha, NE 68183." (Filing No. 15.) The summons form has not yet been returned as executed. (*See* Docket Sheet.) There is no question that the Douglas County Attorney was served with a copy of the Amended Complaint. (Filing No. 13-2, Attach. 1.) However, Plaintiff states that he also sent a copy of the summons and Amended Complaint to the "Chief Administrative Officer" of Douglas County. The basis for Defendant's Motion apparently is the fact that the Douglas County Attorney received a copy of the Amended Complaint in the mail. Nowhere in its Motion does Defendant state that either the chief executive officer or clerk did not *also* receive the summons and Amended Complaint, as Plaintiff states. Defendant failed to respond to Plaintiff's Motion, and instead answered the Complaint. Thus, Defendant may have received proper service and abandoned its Motion to Dismiss. Regardless, there is nothing in the record that shows that Defendant was not properly served. In light of the record currently before the court, Defendant's Motion to Dismiss is denied.

IT IS THEREFORE ORDERED that:

1. Defendant's Motion to Dismiss (Filing No. 12) is denied;

2. Plaintiff's Motion that Defendant's Motion to Dismiss Be Denied (Filing No. 14) is granted, in accordance with this Memorandum and Order; and

3. A separate order will be entered progressing this case towards final disposition.

DATED this 27th day of August, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge